Filed 7/25/25  P. v. Jones CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338203 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA109041) |
| v. | |
| KALONIE JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alexander Giza, Judge.  Affirmed.

Gabrielle D. Trujillo, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

A jury convicted Kalonie Jones on one count of felony willful infliction of corporal injury on a domestic partner, and one count of misdemeanor contempt of court for violation of a civil harassment protective order. The trial court sentenced Jones to four years in state prison. Jones appealed, and we appointed counsel to represent him. No arguable issues have been identified after review of the record by appointed appellate counsel or our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 2024, Jones was charged with one felony count of willful infliction of corporal injury resulting in a traumatic condition upon victim Jessica Hernandez (Pen. Code, § 273.5, subd. (a))[1] and one misdemeanor contempt count of a willful and knowing violation of a protective order (§ 166, subd. (c)(1).) The information further alleged Jones had previously been convicted of three serious and violent felonies—robbery (§ 211) in 2013, and first degree burglary (§ 459) in 2014 and 2016.

A. *The Trial Court Finds Jones Competent and Denies His* Marsden *Motions*

At Jones's arraignment on January 12, 2024, his appointed defense counsel declared a doubt as to Jones's mental competency (§ 1368, subd. (b)). According to counsel, Jones advised him that "the Illuminati are stationed in prison and, if he goes to prison, they're going to try to recruit him. And it's all part of an

---

[1] Unless otherwise stated, all references are to the Penal Code.

organization run by Chaney, Bush and . . . Donald Trump also. And if he does not agree to be in the Illuminati and he goes to prison, they're probably [going to] stab him. So he's reluctant to take any kind of deal." After the trial court ordered a psychiatric evaluation of Jones (Evid. Code, § 730), a psychiatrist concluded Jones understood the nature and purpose of the proceedings against him and was able to assist in his defense in a rational manner. The court found Jones competent to stand trial. (§ 1369, subd. (c)(1).)

At a pretrial hearing on January 30, 2024, Jones made an oral motion to replace his appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. Jones asserted his counsel did not appear to be fighting hard for him and was pushing for him to take a deal. In addition, his counsel had not visited or called him. Defense counsel responded she had been busy in a murder trial, but would be more vigilant going forward about getting back to Jones. The court denied the motion, concluding counsel's representation was adequate and there was still more than a month before trial for counsel to prepare for Jones's trial.

Jones made a second oral *Marsden* motion on April 12, 2024, the first day of trial. Jones asserted his counsel was not properly representing him because she told him she did not believe his case was winnable. Further, Jones only spoke with her when he came to court, and she did not come to visit him in jail to discuss trial strategy. The court found there was "some minor conflict here between the defendant and the attorney but it does not rise to the level I would require to relieve counsel." The court determined counsel was "properly representing the defendant and will continue to do so." The court noted that counsel had "acted appropriately and competently" in the pretrial

3

motions and proceedings, and "whatever she may have told you about her reading of the evidence against you is . . . her personal view as to the case against you." The court denied the motion, concluding there was not a breakdown in the attorney-client relationship.

B.  *Testimony of Hernandez*

Prior to trial, the prosecution moved in limine to deem Hernandez an unavailable witness so that her preliminary hearing testimony could be read into the record.[2] According to the prosecution, Hernandez "expressed that she does not want the defendant prosecuted or . . . to go to prison and she doesn't want to cooperate with the prosecution," and she was "actively avoiding service in an attempt to aid the defendant." The prosecution's investigators had been waiting outside her house daily for over a week attempting to serve her with a subpoena to appear at trial. Hernandez's car was in the driveway and the investigators had seen someone peeking through the blinds, but Hernandez did not answer knocking at her door. Over Jones's

---

[2]     See Evidence Code section 1291, subdivision (a)(2) ("former testimony," including preliminary hearing testimony, is not made inadmissible by the hearsay rule if "the declarant is unavailable as a witness," and defendant had the opportunity to cross-examine the declarant); section 240, subdivision (a)(5) (witness is unavailable where he or she is absent from the hearing and the proponent of the witness's testimony "has exercised reasonable diligence but has been unable to procure his or her attendance by the court's process"); *People v. Herrera* (2010) 49 Cal.4th 613, 621-623; *People v. Diaz* (2002) 95 Cal.App.4th 695, 705-708 (admitting preliminary hearing testimony for an unavailable witness).

4

objection, the court found Hernandez was unavailable because the prosecution made a good faith effort to obtain her presence but Hernandez was evading service of the subpoena.[3]

However, after the preliminary hearing testimony was read into the record, Hernandez appeared in court. The prosecutor indicated that he would call Hernandez as a witness, and Jones moved for a mistrial on the basis that it was prejudicial to him that the preliminary hearing transcript had been read to the jury. The court denied the motion for a mistrial, explaining, "If she's consistent with the preliminary testimony and it's the same, I would strike the preliminary testimony, have the jurors not consider that because they'd have the testimony from the live witness, and they would be able to judge her credibility based on how she presents. [¶] If she's inconsistent with her preliminary testimony, then the People could have used it to impeach her."

The live testimony of Hernandez was consistent with her testimony at the preliminary hearing. The trial court advised the jury that the court was "striking the preliminary transcript and you should disregard the reading of that transcript entirely; don't use that as part of your deliberations. Instead, you heard the testimony directly from the witness, Ms. Hernandez, so you can make your own credibility determinations, but base it on what she testified to in person, not on what someone else read for her."

---

[3] The court also overruled the defense objection to the female attorney the prosecutor chose to read the part of Hernandez, based on the concern that the jury would be improperly influenced by the fact that the attorney was petite and pregnant. The court instructed the jurors that "they're not to assess the character or demeanor or anything of this person while they're doing the reading."

During her trial testimony, Hernandez admitted she continued to date Jones after obtaining a civil harassment restraining order against him, and she went to Venice Beach with him on July 9, 2023.[4]  Just as she did in her preliminary hearing testimony, Hernandez admitted she told the police that Jones had repeatedly hit her in the face on the drive home, but she said she lied to the police.  She asserted that her visible injuries resulted from a fight with the mother of Jones's son.  Photographs that the police took of her swollen face and bloody lip were introduced into evidence.

The prosecution introduced numerous jailhouse recordings of calls between Jones and Hernandez, in violation of the restraining order, including ones in which Jones appeared to threaten Hernandez if she testified against him, and others in which he instructed her to testify that Jones had not done anything to her and that she had gotten into a fight with Jones's ex-girlfriend.

C.    *Conviction and Sentencing*

On April 23, 2024, the jury found Jones guilty of both counts.  Jones sought to dismiss his 2013 and 2014 prior strikes under *People v. Romero* (1996) 13 Cal.4th 497, but the trial court denied the motion.  As to count one, the trial court sentenced Jones to the lower term of two years, which was doubled under

---

[4]    The restraining order required Jones to stay at least 15 feet away from Hernandez and ordered him to not "harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person."  Jones was also ordered not to contact Hernandez.

sections 667 and 1170.12 for a total of four years.  As for count two, the trial court imposed 180 days which was to run concurrently with his four-year sentence.

Jones timely appealed.

## DISCUSSION

We appointed counsel to represent Jones in this appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed appellate counsel advised Jones on March 14, 2025 that he could personally submit any contentions or issues he wanted the court to consider.  Appointed counsel also sent Jones a copy of the appellate record and a copy of the opening brief.  On March 21, 2025 this court also notified Jones that he could submit a supplemental brief within 30 days stating any grounds for appeal, contentions, or arguments he wanted us to consider. We have received no response from Jones.

We have examined the record and are satisfied appellate counsel for Jones has complied with counsel's responsibilities and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


                                        STONE, J.

We concur:


        MARTINEZ, P. J.                        FEUER, J.


7